*256
 
 PER CURIAM.
 
 [1]
 

 Writ granted in part; case remanded. Relator alleges that his present constitutional claims (that the state violated the principles set out in
 
 Brady v. Maryland,
 
 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny) rest on facts not known to him or his attorney and which did not become known to him until he obtained portions of the district attorney’s case file. Relator therefore appears to have raised a claim which falls under La. C.Cr.P. art. 930.8(A)(1), which provides an exception to the two-year time limit for filing applications for post-conviction relief. Accordingly, the district court is ordered to hold a hearing pursuant to La.C.Cr.P. art. 930.8(A)(1) and (B) at which it will determine (1) whether relator has proved, or the state concedes, that his claims rest on facts not disclosed to him or his attorney; and (2) if so, whether the state has been prejudiced in its “ability to respond to, negate, or rebut the allegations of the petition ... by events not under the control of the state which have transpired since the date of [relator’s] original conviction .... ” If the state shows that relator’s delay has prejudiced it, the court may dismiss the application; if the state does not make such a showing, the court must proceed to an adjudication on the merits of relator’s claims. In all other respects, the application is denied.
 

 [1]
 

 . Chief Justice Kimball not participating.